UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RONDINELLE VALAMIEL-RAMIRO, <br><br> Petitioner, <br><br> v. <br><br> ANDREA QUARANTILLO et al., <br><br> Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) )  Civil No. 25-13494-LTS |

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

January 29, 2026

SOROKIN, J.

    Rondinelle Valamiel-Ramiro, a citizen of Brazil, is not presently in immigration detention but is living in the United States subject to supervision by Immigration and Customs Enforcement ("ICE").  Before the Court is a petition seeking a writ of habeas corpus under 28 U.S.C. § 2241 in which he challenges ICE's authority to invoke certain expedited removal procedures against him.  See Doc. No. 1.  Because Valamiel-Ramiro is not seeking the type of relief that is within this Court's habeas jurisdiction, his petition is DENIED.

    In late March 2021, Valamiel-Ramiro crossed the border from Mexico into the United States and was promptly arrested by U.S. Customs and Border Protection ("CBP").  Doc. No. 1 ¶ 2; Doc. No. 10 at 1.  CBP released him, however, citing a chronic health condition that was a COVID-19 risk factor.  Doc. No. 10-1 at 3.  This decision was memorialized in a Notice of Custody Determination and a concurrent Order of Release on Recognizance ("ORR"), both of

which facially invoked 8 U.S.C. § 1226.[1]  Id. at 2; Doc. No. 10-2 at 2.  The ORR listed various conditions governing Valamiel-Ramiro's release, including appearing for hearings and interviews as directed by ICE, securing permission before changing addresses, and generally complying with the law.  Doc. No. 10-2 at 2, 4.  Since he was released at the border, Valamiel-Ramiro has remained at liberty, living in the United States subject to the same conditions of release.  He is married to a United States citizen.  Doc. No. 20-2 ¶ 6.

In August 2025, Valamiel-Ramiro received a notice from U.S. Citizenship and Immigration Services ("USCIS") directing him to appear for a "Credible Fear Interview" that was eventually set to occur on November 21, 2025.  Doc. No. 10-3; see Doc. No. 10 at 3 (noting USCIS twice rescheduled the interview "due to conflicts with counsel's schedule").  The notice warned him that, should he fail to appear, USCIS would notify ICE, and "ICE may then take you into custody."  Doc. No. 10-3.

On the eve of his scheduled interview, Valamiel-Ramiro filed the habeas petition now before the Court.  Doc. No. 1.  The Court noted potential jurisdictional problems when it screened the petition, because Valamiel-Ramiro did "not appear to be in immigration detention" and primarily raised "challenges to the invocation and administration of the expedited removal

---

[1] Other documents generated before his release referenced § 1225 and the expedited removal process.  See, e.g., Doc. No. 18-1 (describing service of "Expedited Removal with Credible Fear" document); Doc. No. 18-2 (recording "Sworn Statement in Proceedings under" § 1225(b)(1) and containing initials "VRR"); Doc. No. 18-5 at 2 (reflecting only top portion of Notice and Order of Expedited Removal is completed).  Valamiel-Ramiro questions the authenticity of the signed initials and fingerprints appearing on some documents and denies having received them.  Doc. No. 10 at 2; Doc. No. 20 at 2; Doc. No. 20-2.  The Court need not now resolve these potentially serious factual allegations or attempt to reconcile the contradictory documents generated by the respondents in 2021, because none of these issues change the fact that the Court lacks jurisdiction over the petition presently before it.  Cf. DeAndrade v. Moniz, 802 F. Supp. 3d 325, 328 (D. Mass. 2025) (finding government "failed to reserve its right" to subject petitioner to § 1225 process where it had released them using mechanisms of § 1226, in case where petitioner had been detained by ICE and then denied bond hearing).

process" that were likely beyond the Court's limited scope of review in this context. Doc. No. 6. These issues led the Court to direct Valamiel-Ramiro to show cause why it had jurisdiction. Id. "[T]o preserve the status quo" in the meantime, the Court ordered the respondents not to remove Valamiel-Ramiro from the United States "pending further order of this Court," and to provide notice in the event they detained Valamiel-Ramiro. Id.

Briefing on the jurisdictional issues ensued, Doc. Nos. 10, 18, 20, with both sides supplying copies of documents illuminating Valamiel-Ramiro's immigration history.[2] Generally speaking, Valamiel-Ramiro argues that the respondents' resort to expedited removal procedures places him in de facto custody (even if he is not actually detained yet), and that this Court should declare the use of such procedures unlawful. The respondents disagree, urging that Valamiel-Ramiro is not "in custody" for habeas purposes and, in any event, that the petition neither advances claims nor seeks relief falling within this Court's jurisdiction. Upon consideration of the parties' memoranda and all supporting exhibits, the Court concludes it is bound to agree with the respondents.[3]

The two claims advanced in Valamiel-Ramiro's petition allege that, by subjecting him to expedited removal, the respondents have violated or will violate the Constitution and the expedited removal statute. Doc. No. 1 ¶¶ 57–78. Valamiel-Ramiro asks the Court for the following relief: "Order that Petitioner shall not be detained by ICE," and "Order that [USCIS] not conduct a credible fear interview until the validity of the expedited removal process can be

---

[2] Though the Court infers Valamiel-Ramiro did not attend the interview with USCIS as directed, ICE apparently has not opted to detain him or otherwise alter the conditions of his supervision. See Doc. No. 20 at 3 (arguing he "would be a mandatory detainee when and where Respondents determine they wish to detain him," implicitly acknowledging he remained un-detained as of January 23, 2026).

[3] Though Valamiel-Ramiro requested oral argument, Doc. No. 1 at 1, the Court finds no further argument is necessary to resolve the questions properly before it here, which are amply briefed.

determined." Id. at 22.  Importantly, the petition does not seek release from any of the terms currently governing his supervision, nor does it challenge the legality of ICE's supervision of him pending removal proceedings generally or ICE's authority to revoke his supervision consistent with the terms thereof.  See Doc. No. 10-2 at 2 (warning of possible arrest and detention for "[f]ailure to comply with the conditions" of the release order).  Even assuming he can satisfy the "custody" requirement via his supervision conditions—a question the Court need not and does not resolve here—the core of Valamiel-Ramiro's claims and the actions he invites the Court to take are plainly beyond the confines of the Court's jurisdiction in this context.

The authority of federal district courts where habeas corpus is invoked to challenge immigration enforcement and detention is not plenipotentiary.  For starters, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); see also Munaf v. Geren, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention.").  Where petitioners seek relief that "falls outside the scope of the writ as it was understood when the Constitution was adopted," their claims are beyond a federal court's core habeas jurisdiction. Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 119 (2020).  The Supreme Court has "rejected the use of habeas" where petitioners sought orders "requiring them to be brought to this country," permitting them "to remain lawfully in the United States," vacating a removal order, and requiring an "opportunity to apply for asylum and other relief from removal." Id. at 118–19 (citation modified); cf. López López v. Charles, No. 20-cv-10145-DJC, 2020 WL 419598, at *3 (D. Mass. Jan. 26, 2020) (discussing limits on habeas jurisdiction).

The Immigration and Nationality Act ("INA") places additional restrictions on judicial review of expedited removal orders and the underlying processes. Nearly all challenges to determinations related to invoking or administering the expedited removal procedure described in § 1225(b)(1) are beyond the jurisdiction of any federal court.[4] § 1252(a)(2)(A), (e)(1). So, too, are challenges to discretionary decisions, including denials of discretionary relief from removal. § 1252(a)(2)(B).

These principles bar Valamiel-Ramiro's efforts to secure, via 28 U.S.C. § 2241, orders enjoining ICE from detaining him and enjoining USCIS from interviewing him about his fear of returning to Brazil. They also prevent this Court from evaluating the validity of any steps proposed or taken by the respondents pursuant to the expedited removal process. Such relief is beyond the traditional scope of habeas review. Put simply, Valamiel-Ramiro's claims do not arise from a challenge to the legality of the fact or duration of his custody. Rather, his petition invites this Court to issue an order effectively preventing the respondents from "invok[ing] the provisions of" § 1225(b)(1) against him. The INA's limitations on judicial review expressly prohibit such an order. § 1252(a)(2)(A)(ii), (iii).

Valamiel-Ramiro understandably wants to remain at liberty, and he reasonably expects the respondents to follow the law in the event they decide to alter his custody status. But this Court is not empowered via its habeas jurisdiction to issue the orders Valamiel-Ramiro now seeks. Though a challenge to the lawfulness of his custody is a question that would fall within

---

[4] Congress has expressly identified only three issues that may be explored in a habeas petition brought by a noncitizen subject to an expedited removal order. § 1252(e)(2)(A)–(C). None apply here. Valamiel-Ramiro does not dispute that he is "an alien" (as the INA defines that term) currently lacking any of the three long-term statuses that would except him from expedited removal. And the record establishes that he is not presently subject to an expedited-removal order; though there are documents showing that process began prior to his release in 2021, it paused when a credible-fear claim arose.

this Court's habeas jurisdiction, the record does not presently support such a challenge here. Should Valamiel-Ramiro's custody status change—for example, should ICE detain him and cite § 1225 as a basis for denying him a bond hearing notwithstanding the documents he has produced showing that his release in 2021 was pursuant to § 1226—nothing in this decision prevents him from filing a new habeas petition at that time challenging his detention and seeking immediate release or a bond hearing.

For the foregoing reasons, the petition is DENIED, and the interim order by this Court governing the respondents' conduct during the pendency of this action (Doc. No. 6) is LIFTED.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge